**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
Russell Clementson, Bar No. 143284
Attorney for the U.S. Trustee
**UNITED STATES TRUSTEE**
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
Telephone: (213) 894-4505; Facsimile: (213) 894-0276
Email: russell.clementson@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:18-bk-11919-MB |
| **Juan Rene Mejia,** | Chapter 7 |
| Debtor. | **NOTICE OF MOTION AND MOTION TO DISGORGE COMPENSATION PURSUANT TO 11 U.S.C. § 329; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOYCE HONG IN SUPPORT THEREOF** |
| | Date: October 3, 2018
Time: 11:00 a.m.
Ctrm: 303 |

PLEASE TAKE NOTICE that on October 3, 2018 at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 303 of the above-entitled court, located at 21041 Burbank Boulevard, in Woodland Hills, California, the United States Trustee (the "U.S. Trustee") will request that the Court order that compensation paid to counsel to file his petition and schedules be disgorged pursuant to 11 U.S.C. § 329 and Federal Rule of Bankruptcy Procedure 2017.

This motion is based upon this Notice of Motion and motion, the attached Memorandum of Points and Authorities and supporting Declaration, the pleadings and documents on file herein, and such other evidence and argument as is presented at the time of the hearing.

1

1 | Pursuant to Rule 4004(c)(1)(D) of the Federal Rules of Bankruptcy Procedure, any
2 | discharge of the debtor is stayed pending the outcome of this motion.
3 | Any opposition, joinder, or other response to this Notice of Motion and motion must be
4 | filed in writing, and served on the U.S. Trustee and other parties entitled to service, at least
5 | fourteen (14) days before the date set for the hearing on this motion, as required by Local
6 | Bankruptcy Rule 9013-1(f). Failure to timely file and serve any responsive papers may result in
7 | the court failing to consider the same.
8 | Date: August 27, 2018                UNITED STATES TRUSTEE
9 |                                      By:  /s/ *Russell Clementson*
                                         Russell Clementson
10|                                      Attorney for the U.S. Trustee

# I. INTRODUCTION

The debtor in this case has paid $1,000 to attorney Randolph R. Ramirez ("Mr. Ramirez") to prepare and file a chapter 7[1] petition and schedules, and to represent the debtor at his meeting of creditors held pursuant to § 341(a) ("§ 341(a) meeting"). Despite paying $1,000.00 for bankruptcy services, including the preparation and filing of the debtor's petition and schedules, on August 20, 2018, the Court ordered the case dismissed for failure to file Schedules, Statements, and/or Plan due to documents being filed without electronic /s/ or holographic signature. On August 17, 2018, the court issued Notices to Filer of Error and/or Deficient Document related to Statement of Financial Affairs and Declaration by Debtor as to Whether Debtor Received Income From an Employer. See Exhibit A to the accompanying Declaration of Joyce Hong ("Hong Dec."). As the debtor's attorney, Mr. Ramirez had a duty to make sure the basic filing requirements of the Bankruptcy Code were met. As they were not, and the debtor's case was dismissed, the fees that the debtor paid to Mr. Ramirez should be ordered disgorged under § 329.

# II. STATEMENT OF FACTS

On July 31, 2018, Juan Rene Mejia (the "Debtor") filed a voluntary petition under § 701 *et seq.* in the United States Bankruptcy Court for the Central District of California, assigned case number 1:18-bk-11919-MB. See Exhibit A to the accompanying Declaration of Joyce Hong ("Hong Dec."). The petition stated that Mr. Ramirez was the attorney for the Debtor. Hong Dec., Exhibit B.

Only the petition was filed on July 31, 2018. The other required documents were subsequently filed on August 14, 2018 and August 17, 2018. However, numerous documents were filed without an electronic signature for Mr. Ramirez or holographic signature for Mr. Mejia. Accordingly, on August 17, 2018, the Court issued Notices to Filer of Error and/or Deficient Document. See Hong Dec., Exhibit A. The Notices to Filer of Error and/or Deficient

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

3

Document instructed the Debtor and Mr. Ramirez to re-file the documents with the proper signatures. *Id.*

As of August 20, 2018, the Debtor had not re-filed the documents with proper signatures. See Hong Dec., Exhibit A. Accordingly, that day and prior to Debtor's § 341(a) meeting on September 7, 2018, the Court ordered the case dismissed due to the Debtor's failure to file Schedules, Statements, and/or Plan. *Id.*

### III.  POINTS AND AUTHORITIES

Section 329(b) of the Bankruptcy Code provides that if the compensation paid to a debtor's attorney exceeds the reasonable value of the services rendered or to be rendered, the court may order the return of the compensation paid to the estate or the entity that made the payment. 11 U.S.C. § 329(b). Rule 2017, which implements § 329, provides that the court may determine whether any payment from a debtor to an attorney in contemplation of a bankruptcy filing is excessive.

Under § 330 of the Bankruptcy Code, in determining the reasonable amount of compensation to be awarded to a chapter 7 debtor's attorney, "the court shall consider the nature, the extent, and the value of . . . services" in relation to the following factors:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

4

In addition to the factors above, the quality of representation should be considered in determining the reasonableness of an attorney's fee. *See, e.g., In re Mills*, 170 B.R. 404, 409 (Bankr. D. Ariz. 1994); *In re Wright*, 48 B.R. 172 (Bankr. E.D.N.C. 1985)(all fees ordered disgorged where counsel failed to properly represent the debtors in their chapter 7 case); *In re Grant*, 14 B.R. 567, 569 (Bankr. S.D.N.Y. 1981)(finding that where an attorney fails to perform competently and efficiently those legal services for which a debtor has contracted, it is appropriate for the court to review the compensation arrangement and order fees be returned to the debtor in a no-asset chapter 7 case, and ordering all fees disgorged).

Under California law, the duty owed to a client is a fiduciary duty of the highest character. *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 189-90 (Cal. 1971). The essence of a fiduciary duty or confidential relationship is that the parties do not deal on equal terms because the person in whom the trust is reposed and who accepts that trust and confidence is in a superior position to exert unique influence of the dependent party. *Barbara A. v. John G.*, 193 Cal. Rptr. 422, 432 (Cal. Ct. App. 1983). Accordingly, an attorney has a duty to competently perform all legal services by applying the diligence, learning and skill, and mental, emotional, and physical ability reasonably necessary for the performance of such services. Cal. Rule of Prof'l Conduct 3-110. *See also* Model Rule of Prof'l Conduct 1.3 cmt. 1 ("A lawyer should carry through to conclusion all matters undertaken for a client."). An attorney also has a separate duty to keep a client reasonably informed about significant developments relating to the client's representation, including all facts and circumstances necessary to enable the client to make free and intelligent decisions regarding the subject matter of the representation. Cal. Rule of Prof'l Conduct 3-500; *Lyscik v. Walcom*, 65 Cal. Rptr. 406, 414 (Cal. Ct. App. 1968).

Here, the Debtor paid Mr. Ramirez for legal services related to the filing of the chapter 7 petition and the related documents and representation of the Debtor at the § 341(a) meeting. Hong Dec., Exhibit C. Mr. Ramirez had a duty to make sure that his client met the basic filing requirements with which all debtors must comply, set forth in § 521 and Rule 1007. Mr. Ramirez also had a duty to comply with the rules governing signatures on bankruptcy documents

5

that are set forth in Local Bankruptcy Rule 9011-1 and Court Manual Section 3.4.  These rules explain in detail the requirements for signatures by debtors and their attorneys on papers that are filed with the Court.  Moreover, the Notices to Filer of Error clearly stated in bold that the filer is instructed to re-file the document with the proper signatures as required by Local Bankruptcy Rule 9011-1 and Court Manual Section 3.4.  *Id.*  Mr. Ramirez nonetheless did not file the required documents within the required time.  See Hong Dec., Exhibit A.

Furthermore, Mr. Ramirez's failure to file the required documents resulted in the Debtor's bankruptcy case being dismissed.  *See id.*  Mr. Ramirez did not competently perform legal services for the Debtor.  The Debtor obtained no bankruptcy relief, and he now has a dismissed bankruptcy on its record, which could cause problems for the Debtor by limiting his right to an automatic stay under § 362(c) if it chooses to refile for bankruptcy.

Because the case was dismissed due to counsel's failure to file the basic documents that he agreed to file for the compensation that he received, and the Debtor obtained no bankruptcy relief, any payment by the Debtor to Mr. Ramirez exceeds the reasonable value of his legal services.  Moreover, Mr. Ramirez did not have to appear at the § 341(a) meeting, due to the Debtor's case being dismissed prior to the meeting date.  *See id.*  Mr. Ramirez did not perform the basic services that he contracted to provide, and therefore, absent an explanation by counsel as to the propriety and benefit of the legal services provided, pursuant to § 329, Mr. Ramirez should be required to disgorge the $1,000 that he received from the Debtor.

## IV.  CONCLUSION

Based on the foregoing, pursuant to § 329 and Rule 2017, the Court should order the disgorgement of all compensation paid to counsel, Randolph R. Ramirez, absent a satisfactory explanation to justify the compensation earned.

DATED: August 27, 2018              UNITED STATES TRUSTEE

By:  */s/Russell Clementson*
    Russell Clementson
    Attorney for the U.S. Trustee

## DECLARATION OF JOYCE HONG

1. I am a Bankruptcy Paralegal with the Woodland Hills, California office of the United States Trustee, and am the Paralegal assigned to this bankruptcy case. I have personal knowledge of the facts set forth herein, and submit this declaration to put the following documents before the Court for the Court's convenience.

2. Attached hereto as Exhibit A is a true copy of the Court's electronic docket for this case, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

3. Attached hereto as Exhibit B is a true copy of the chapter 7 bankruptcy petition filed in this case on July 31, 2018, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

4. Attached hereto as Exhibit C is a true copy of the Disclosure of Compensation of Attorney for Debtor Case Commencement, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

I declare under penalty of perjury that the foregoing facts are known by me to be true and correct. Executed on August 24, 2018, in Los Angeles, California.

_/s/ Joyce Hong_
Joyce Hong