**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
Russell Clementson, Bar No. 143284
Attorney for the U.S. Trustee
**UNITED STATES TRUSTEE**
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
Telephone: (213) 894-4505; Facsimile: (213) 894-0276
Email: Russell.Clementson@usdoj.gov

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>**Juan Rene Mejia**,<br><br>                    Debtor(s). | Case No. 1:18-bk-11919-MB<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION TO AMEND ORDER DISMISSING CASE TO INCLUDE A ONE-YEAR BAR TO RE-FILING PURSUANT TO 11 U.S.C. §§ 109(g) AND 105(a); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOYCE HONG IN SUPPORT THEREOF**<br><br>Date:   October 3, 2018<br>Time:  11:00 a.m.<br>Ctrm:   303 |

PLEASE TAKE NOTICE that on October 3, 2018 at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 303 of the above-entitled court, located at 21041 Burbank Boulevard, in Woodland Hills, California, the United States Trustee (the "U.S. Trustee") will request that this case be dismissed pursuant to 11 U.S.C. §§ 707(a) or 707(b)(3) with an one-year bar to refiling pursuant to 11 U.S.C. §§ 109(g) and 105(a).

1

1     This motion is based upon this Notice of Motion and motion, the attached Memorandum of Points and Authorities and supporting Declaration, the pleadings and documents on file herein, and such other evidence and argument as is presented at the time of the hearing.

    Pursuant to Rule 4004(c)(1)(D) of the Federal Rules of Bankruptcy Procedure, the discharge of the Debtor is stayed pending the outcome of this motion.

    Any opposition, joinder, or other response to this Notice of Motion and motion must be filed in writing, and served on the U.S. Trustee and other parties entitled to service, at least fourteen (14) days before the date set for the hearing on this motion, as required by Local Bankruptcy Rule 9013-1(f).  Failure to timely file and serve any responsive papers may result in the Court failing to consider the same.

DATED: August 27, 2018     **OFFICE OF THE UNITED STATES TRUSTEE**

    By: */s/Russell Clementson*
        Russell Clementson
        Attorney for United States Trustee

## I. FACTS

The Debtor in this case, Juan Rene Mejia ("the Debtor"), filed his voluntary Chapter 7 petition on July 31, 2018. Amy L. Goldman was appointed the Chapter 7 trustee. Declaration of Joyce Hong ("Hong Dec."), Ex. A.

Only the petition was filed on July 31, 2018, and the other required documents were subsequently filed on August 14, 2018 and August 17, 2018; however, the Statement of Financial Affairs and Declaration by Debtor as to Whether Debtor Received Income From an Employer were filed without electronic /s/ or holographic signature. Accordingly, on August 17, 2018, the Court issued Notices to Filer of Error and/or Deficient Document. See Hong Dec., Exhibit A. The Notices to Filer of Error and/or Deficient Document instructed the Debtor and Mr. Ramirez to re-file the documents with the proper signatures. *Id*.

As of August 20, 2018, the Debtor had not re-filed the documents with proper signatures. See Hong Dec., Exhibit A. Accordingly, that day and prior to Debtor's § 341(a) meeting on September 7, 2018, the Court ordered the case dismissed due to the Debtor's failure to file Schedules, Statements, and/or Plan. *Id.*

The Debtor has numerous prior incomplete filings that were dismissed for failure to file information. Indeed, his history of filings, in reverse chronological order, is as follows:

| Filed | Case No. | Disposition |
|---|---|---|
| 07/31/2018 | Chapter 7<br>1:18-bk-11919 | Pending filed incomplete |
| 07/03/2018 | Chapter 7<br>1:18-bk-11682 | Dismissed on 07/10/2018 – Failure to File Initial Petition Documents Within 72 Hours |
| 06/07/2018 | Chapter 7<br>1:18- bk-11454 | Dismissed on 06/25/2018 – Failure to File Information |

Thus, this is the third bankruptcy filed by the Debtor within the last two months.

/////

/////

3

## II.    DISCUSSION

1.    Dismissal Under § 707(b)(3)

In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress made sweeping changes to the Bankruptcy Code to address abuses of the bankruptcy system.  Section 707(b) in particular was modified to provide for dismissal of cases filed under chapter 7, either where a case is presumed abusive, which the U.S. Trustee is unable to determine in this case, or the evidence reflects that the case was filed in bad faith and/or where the totality of circumstances demonstrates that a discharge would be an abuse. Specifically, § 707(b)(3) provides that the court, in determining whether a case should be dismissed for abuse under this provision, "shall consider--- (A) whether the petition was filed in bad faith; or (B) the totality of the circumstances . . . demonstrates abuse."

The Debtor's numerous prior incomplete filings, which have resulted in dismissal of these cases for failure to prosecute and failure to comply in these cases with U.S.C. § 521(a), support a finding that the Debtor is utilizing the bankruptcy system to invoke the automatic stay without any intent to pursue this bankruptcy case in good faith.

Based on the foregoing, the U.S. Trustee requests that the Court dismiss this case for bad faith pursuant to § 707(b)(3).

2.    The Debtor's Bad Faith Justifies Dismissal With A Bar To Refiling Pursuant To §§ 109 And 105(a)

Section 109 defines who may be a debtor under the different chapters of the Bankruptcy Code.  Pursuant to subsection (g),

> no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case[.]

11 U.S.C. § 109(g).  In addition, § 105(a) permits a bankruptcy court to enter any order necessary to carry out the provisions of the Code and to prevent an abuse of the bankruptcy process.  11 U.S.C. § 105(a).

4

The Debtor has not demonstrated any intent to seek bankruptcy protection for legitimate purposes, and has failed to properly prosecute his case.  Moreover, this is the third bankruptcy filed by the Debtor within the last two months, which the Debtor has taken no steps to pursue bankruptcy relief in good faith.  Accordingly, the U.S. Trustee requests that the Court issue an order prohibiting the Debtor from refiling for bankruptcy in any chapter, absent prior permission of this Court, for a period of one year.

3. <u>The Court Has Authority To Amend The Dismissal Order To Include A Bar.</u>

Federal Rule of Bankruptcy Procedure 9023 allows the court to amend an order or judgment.  For the reasons set forth in the U.S. Trustee's motion to dismiss with a one-year bar, good cause exists to amend the Court's August 20 Dismissal Order.  The U.S. Trustee requests that the Court's August 20 Dismissal Order be amended to include a one-year bar to re-filing for bankruptcy in any chapter, absent prior permission of this Court, for a period of one year.

### III.    CONCLUSION

For all of the forgoing reasons, the Court's August 20 Dismissal Order be amended to include a one-year bar to re-filing for bankruptcy in any chapter, absent prior permission of this Court, for a period of one year.

DATED: August 27, 2018            **OFFICE OF THE UNITED STATES TRUSTEE**

By: */s/Russell Clementson*
Russell Clementson
Attorney for United States Trustee

# DECLARATION OF JOYCE HONG

I, Joyce Hong, declare

1. I am a Paralegal Specialist with the Office of the United States Trustee, and am the Paralegal assigned to this bankruptcy case. I have personal knowledge of the facts set forth herein, and submit this declaration to put the following documents before the Court.

2. Attached hereto as Exhibit A is a true copy of the Court's electronic docket for *In re Juan Rene Mejia* filed on July 31, 2018, assigned case number 1:18-bk-11919-MB which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

3. Attached hereto as Exhibit B is a true copy of the petition filed in this case on July 31, 2018, which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

4. On August 14, 2018 and August 17, 2018, the debtor filed Statement of Financial Affairs and Declaration by Debtor as to Whether Debtor Received Income From an Employer. However, they were filed without electronic /s/ or holographic signature.

5. Attached hereto as Exhibit C a true copy of the Court's electronic docket for *In re Juan Rene Mejia* filed on 07/03/2018, assigned case number 1:18-bk-11682 which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

6. Attached hereto as Exhibit D is a true copy of the Court's electronic docket for *In re Juan Rene Mejia* filed on 06/07/2018, assigned case number 1:18-bk-11454 which I printed from the electronic case files of the United States Bankruptcy Court for the Central District of California.

I declare under penalty of perjury that the foregoing facts are true and correct. Executed on August 24, 2018, in Los Angeles, California.

Joyce Hong